# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-02152-COA

**HIGHLAND COLONY LAND COMPANY LLC**            **APPELLANT**

**v.**

**JIMMY G. GOURAS D/B/A URBAN PLANNING**         **APPELLEE**
**CONSULTANTS**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/2013 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RICHARD WILLIAM WISE |
| | KAYTIE MICHELLE PICKETT |
| ATTORNEY FOR APPELLEE: | ROBERT R. BAILESS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT IN FAVOR OF DEFENDANT/APPELLEE |
| DISPOSITION: | REVERSED AND RENDERED: 06/16/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1. This case involves the interpretation of a contract between Highland Colony Land Company LLC ("Highland Colony") and Jimmy G. Gouras, doing business as Urban Planning Consultants Inc. ("Gouras"). Gouras sued Highland Colony for breach of contract and $85,700.24 in actual damages. Both parties moved for summary judgment. The Madison County Circuit Court granted summary judgment in favor of Gouras. We reverse and render.

**FACTS**

¶2.     Highland Colony hired Gouras, a consultant, to assist in locating and obtaining federal, state, and local funding, including tax-increment financing (TIF), for real-estate development. TIF allows a real-estate developer to develop an area of a city, with the city paying a portion of the costs through increased tax revenues generated from the development.

¶3.     In 2003, Highland Colony and Gouras entered into a contract in which Highland Colony agreed to pay Gouras a $115-an-hour fee, as well as a bonus for any secured TIF funding.[1] The contract provided a bonus to Gouras under the Grant Bonus Schedule ("Schedule"). The bonus was established at 3% of the principal amount of funding secured if the funding exceeded $10,000,000. The contract specified that the 3% bonus would not apply to the first $6,000,000 of TIF funding.

¶4.     Gouras secured TIF funding with the City of Ridgeland in the amount of $35,000,000. In June 2006, Highland Colony and the City entered into a Security and Reimbursement Agreement ("SRA"). Highland Colony agreed to construct a development on Highland Colony Parkway, and the City agreed to issue its TIF bonds in one or more series in the principal amount not to exceed the $35,000,000. Gouras was not a party to the SRA.

¶5.     In 2009, the City adopted a bond resolution to control the first issuance of TIF bonds

---

[1] The contract reads "upon reimbursement of eligible costs to Bailey." H.C. Bailey manages Highland Colony Land Company LLC. Bailey signed the contract in his representative capacity. There is no dispute that "Bailey" means "Highland Colony Land Company LLC" in the context of this contract. Likewise, the contract referred to "UPC," rather than Gouras. The parties also agree that Gouras was the assignee of Urban Planning Consultants.

and any subsequently issued TIF bonds. As part of the Bond Resolution, the City created a Tax Increment Debt Service Reserve Fund to meet any principal and interest payment deficiency in the City's bond fund for future years. The Reserve Fund's terms provided that, if no payment deficiency existed when the bonds matured – 2029 at the earliest – the City would release the money to Highland Colony. The City issued its first series of TIF bonds in 2009 in the amount of $24,625,000. The City withheld $1,953,681 for deposit into the Reserve Fund. The City issued its second series of TIF bonds in 2011 in the amount of $10,375,000, withholding $903,024 for deposit into the Reserve Fund. So the City placed a total amount of $2,856,675 in the fund.

¶6.     Highland Colony paid Gouras $884,299, which represented his hourly fee, and a 25% bonus. At the time of the 2009 bond issue, Highland Colony paid Gouras 3% of the total bond proceeds as provided in the Schedule, including proceeds placed in the Reserve Fund. For the 2011 bond issue, however, Highland Colony did not pay Gouras any percentage of what was held in the Reserve Fund. Instead, Highland Colony withheld paying the 3% bonus on the amount placed in the Reserve Fund, and, as well, withheld an amount equal to the 3% Highland Colony had previously paid Gouras from the 2009 bonds. Gouras objected, and, after an exchange of letters, he sued Highland Colony, claiming Highland Colony owed him the balance due on his 3% bonus based on the full amount of the proceeds secured and paid to Highland Colony, whether directly or into the Reserve Fund. The balance due, as agreed by both parties, was $85,700.24. Highland Colony moved for summary judgment, claiming

3

the amount was not yet due under the terms of the contract. Gouras filed a cross-motion for summary judgment, which the circuit court granted.

## STANDARD OF REVIEW

¶7. This Court reviews grants of summary judgment de novo. *Bradley v. Kelley Bros. Contractors*, 117 So. 3d 331, 336 (¶21) (Miss. Ct. App. 2013). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R.C.P. 56(c).

## DISCUSSION

¶8. "Questions concerning construction of contracts are questions of law." *Chapel Hill LLC v. SoilTech Consultants Inc.*, 112 So. 3d 1097, 1099 (¶10) (Miss. Ct. App. 2013) (citation and quotation omitted). Further, "[w]hen a contract is clear and unambiguous, this Court is not 'concerned with what the parties may have meant or intended but rather with what they said, for the language employed in a contract is the surest guide to what was intended.'" *Id*. (quoting *Shaw v. Burchfield*, 481 So. 2d 247, 252 (Miss. 1985)).

¶9. Highland Colony and Gouras agree that the contract is unambiguous and that summary judgment is proper. They also agree that the Schedule, included in their 2003 contract, controls Gouras's payment of $85,700.24. The sole issue on appeal is *when* the payment is due. The relevant portion of the Schedule provides that "for Tax Increment Financing, bonus shall be paid 25% upon execution of the project agreement/security and reimbursement agreement, and the balance shall be paid upon reimbursement of eligible costs

4

to [Highland Colony.]"

¶10.    The parties ask this Court to determine whether Highland Colony has been reimbursed for eligible costs pursuant to the Schedule.   Highland Colony claims that some "reimbursement of eligible costs" is still located in the Reserve Fund, so it cannot pay Gouras the remainder until the money is released (2029 for the 2009 bonds, and 2031 for the 2011 bonds).  Gouras claims that Highland Colony already received sufficient "reimbursement of eligible costs" from the 2009 and 2011 bonds to allow it to pay the remaining $85,700.24 upon its receipt.  Gouras also argues that the SRA between Highland Colony and the City, which did not exist when their contract was executed, has no bearing on when he is owed under the Schedule.

¶11.    Highland Colony contracted with Gouras for his expertise and assistance to obtain public financing for a real-estate development.  Gouras was successful.  He was able to assist Highland Colony in a complex financing arrangement.  For his efforts, under the agreement, Gouras was well compensated.  Highland Colony paid Gouras $884,299 as compensation.

¶12.    Ultimately, the City retained $2,586,675 of the TIF funds in the Reserve Fund.  Highland Colony and Gouras agree that Gouras is owed $85,700.24 as compensation, under the agreement, for the amounts retained in the Reserve Fund.  In this lawsuit, Gouras claims he is owed the $85,700.24 now.  Highland Colony argues that he is to be paid when Highland Colony actually receives the $2,586,675 from the Reserve Fund. The only dispute is when Gouras is to be paid.

5

¶13.    The trial court held that "[Highland Colony]'s 'reimbursement of eligible costs' from the second bond issue *was more than sufficient* to pay [Gouras] all [Gouras] was due in bonus payments from that issue." (Emphasis added).  As a result, the trial court ordered Highland Colony to pay Gouras his percentage of the funds held in the Reserve Fund.  In essence, the trial court required Highland Colony to pay Gouras compensation even though Highland Colony has not received the full $35,000,000.  As a result, the trial court read the controlling contractual language to not require that Highland Colony "actually receive" all the funds used for the project.

¶14.    We disagree.  The agreement between Highland Colony and Gouras established when Gouras is due the bonus payment: "[F]or Tax Increment Financing, bonus shall be paid 25% upon execution of project agreement/security and reimbursement agreement, and *balance shall be paid upon reimbursement of eligible costs to [Highland Colony]*." (Emphasis added).   The language "balance shall be paid upon reimbursement of eligible costs to [Highland Colony]" means that Highland Colony must pay Gouras "upon reimbursement of eligible costs."  As a result, we find that the parties agreed that Gouras is to be paid when Highland Colony actually receives the money.

¶15.    Gouras argues that the payment is to be made when Gouras "secured" the payment. Section 3(c) of the agreement sets Gouras's bonus compensation: "For services identified under Subsection 2(c) above, [Highland Colony] agrees to pay [Gouras] based on the grant bonus schedule attached in Exhibit B, a percentage of the principal amount of all sources of

6

funding which [Gouras] identifies and secures for [Highland Colony] to be used for the Project." Indeed, Gouras must *secure* funding for Highland Colony.

¶16. The question then turns then to whether or when the funds held in the Reserve Fund have been *secured*. Since the City has control of and the right to spend those funds and not pay them to Highland Colony if the tax revenues on the development are not sufficient, we find that the funds in the Reserve Fund have not been secured.

¶17. Further, Section 3(c) provides additional specifications for TIF funding. It states that Gouras shall receive a lump-sum payment of $40,000 for preparing TIF plans, but that if Gouras "works with [Highland Colony] and the City of Ridgeland to obtain additional TIF funds for this project, then the bonus provisions shall apply to all funding in excess of the original $6,000,000." The language of the contract is clear that the bonus provisions apply to funding that is actually obtained by Highland Colony. Again, there is no dispute that Highland Colony has not obtained the funds held in the Reserve Fund.

¶18. Finally, Exhibit B to the agreement contains the controlling language discussed above, and it states that "[i]n calculating bonus payments, the percentage factor shall be applied to the cumulative amounts of all grants *obtained for the use and benefit of the Project*." (Emphasis added). The funds held in the Reserve Fund have not been "obtained for the use and benefit of the Project." Highland Colony has no ability to use these funds until the bonds mature and the City releases the funds.

¶19. Under the dissent's interpretation, if upon maturity the City of Ridgeland does not pay

Highland Colony the funds held in the Reserve Fund, we can only assume that Highland Colony would then have an action against Gouras for the return of the $85,700.24 since it was not ultimately "secured." Such cannot be the case.

¶20.  In conclusion, we are of the opinion that Highland Colony owes Gouras the money when Highland Colony is reimbursed or actually paid the funds. For these reasons, we reverse the summary judgment entered in favor of Gouras and render summary judgment in favor of Highland Colony.

¶21. **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**LEE, C.J., IRVING, P.J., BARNES, CARLTON, MAXWELL AND JAMES, JJ., CONCUR. FAIR, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY ISHEE AND ROBERTS, JJ.**

**FAIR, J., DISSENTING:**

¶22.  I must respectfully dissent as I find that circuit judge correctly held that Highland Colony should not delay payment to Gouras of the balance of his compensation in an amount agreed on by both parties. The Schedule for payment does not specify that, as the majority holds, in order for Gouras to be paid, Highland Colony must "actually receive" all the funds used for the Project. Amounts sufficient to pay Gouras's fees of $85,700.24 were paid directly to Highland Colony in the amount of $32,143,325 with the remainder placed into the Reserve Fund. In context, the total amount due Gouras, to become payable as adjudicated by the majority in 2029 and 2031, is a little more than a quarter of 1% (.00266619% actually)

8

of what was paid to Highland Colony.

¶23. Gouras fulfilled his obligation under the 2003 contract when he secured $35,000,000 in funding for the Project. His fees were payable when almost 99.75% those funds were disbursed to Highland Colony . The $35,000,000 was "obtained for the use and benefit of the Project," as specified in the contract between Highland Colony and Gouras. Any delay for release of all of those funds to Highland Colony to pay those expenses was the result of an agreement to which Gouras was not a party. Thus, Highland Colony should not delay Gouras's payment based on the SRA or the City's subsequent creation of the Reserve Fund. Highland Colony's ensuing dealings with the City does not alter his or Gouras's performance under the 2003 contract. I would affirm the circuit court's grant of summary judgment in favor of Gouras.

**ISHEE AND ROBERTS, JJ., JOIN THIS OPINION.**